[737 NYS2d 649]

In the Matter of WILLIAM J. BREUER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH
JUDICIAL DISTRICTS, Petitioner.

Second Department, February 25, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated December 1, 2000, containing one charge of professional misconduct. After a hearing on March 28, 2001, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has neither cross-moved nor submitted any response to the motion.

Charge One alleges that the respondent has failed to cooperate with the petitioner's legitimate investigation into his professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On August 25, 1999, the petitioner sent the respondent a copy of a complaint from Irene Warren and requested his answer within 10 days. The petitioner advised the respondent that an unexcused failure to reply to the complaint would constitute professional misconduct independent of its merits. The respondent requested an extension of time in which to answer.

On or about September 21, 1999, the respondent's law partner called the petitioner to advise that the respondent was ill and had been hospitalized. By letters dated September 24, September 28, October 16, and November 23, 1999, the respondent's law partner provided confirmation and updates of the respondent's condition.

On December 3, 1999, the petitioner sent the respondent a copy of a complaint from Barry Robbins and requested his answer within 10 days of his receipt thereof. The petitioner again advised the respondent that an unexcused failure to reply to that complaint would constitute professional misconduct independent of its merits.

The petitioner telephoned the respondent's law partner on December 14, 1999, to inquire as to the respondent's condition. By letter dated December 17, 1999, the respondent's counsel stated that the respondent was expected to return to his office with a limited work schedule in mid-January 2000, and requested an extension of the respondent's time to reply until after his return to the office.

On March 13, 2000, the petitioner telephoned the respondent, who agreed to submit answers to the two pending complaints by March 27, 2000. The petitioner sent the respondent a letter confirming that conversation.

On March 28, 2000, the respondent telephoned the petitioner and promised to submit his answers by March 31, 2000. No answers were forthcoming. The petitioner left a message for the respondent on or about April 20, 2000, that if the respondent's answers were not received by April 25, 2000, it would move for his interim suspension. Although the respondent assured the petitioner on April 25, 2000, that he would deliver his answers the following day, no answers were forthcoming.

In response to the petitioner's message of May 3, 2000, the respondent promised to deliver his answers on May 5, 2000. No answers were received.

After being served with an order to show cause seeking his immediate suspension from practice based upon his failure to cooperate, the respondent finally submitted answers to the two complaints on August 18, 2000.

Based upon the respondent's admissions, the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent's prior disciplinary history includes an Admonition in December 1978 for failure to cooperate, a letter of caution in June 1981 for neglect, a personally-delivered admonition for neglect and failure to cooperate in July 1984, a letter of caution for neglect in September 1988, a personally-delivered admonition for neglect in April 1990, a personally-delivered admonition for neglect and failure to cooperate in September 1997, and an admonition for failure to cooperate in October 1999. Notwithstanding the mitigation advanced by the respondent at the hearing, including his own physical and psychological ailments, his wife's alcoholism, and his increased responsibilities with respect to his two teenage children and the general running of the household, he is guilty of a persistent pattern of failing to cooperate. Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William J. Breuer, is suspended from the practice of law for a period of one year, commencing March 25, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement

no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, William J. Breuer, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.